Anthony R. Scisciani III, OSB No. 070013
HOLT WOODS & SCISCIANI LLP
101 SW Main Street, Suite 1600
Portland, OR 97204
Telephone: 503.542.1200
Fax: 503.542.5248
ascisciani@hwslawgroup.com

*Attorney for Defendants Philips
RS North America LLC and
Philips North America LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| LIONEL ADAMS,<br><br>                Plaintiff,<br><br>v.<br><br>KONINKLIJKE PHILIPS N.V., a foreign corporation, PHILIPS NORTH AMERICA LLC, a Delaware Corporation, and PHILIPS RS NORTH AMERICA, LLC, a Delaware corporation,<br><br>                Defendants. | CAUSE NO.<br><br>DEFENDANTS PHILIPS NORTH AMERICA, LLC AND PHILIPS RS NORTH AMERICA, LLC'S NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

Defendants Philips RS North America LLC ("Philips RS") and Philips North America

LLC ("Philips North America") (collectively, the "Philips Defendants")[1] hereby provide notice

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from

the Circuit Court for the State of Oregon for the County of Multnomah, in which it is now

pending at Case No. 22CV06230 (the "Underlying Action"), to the United States District Court

for the District of Oregon, Portland Division, and state as follows:

---

[1] As of the filing of this Notice, Koninklijke Philips N.V. has not been served with the Complaint in this action. Koninklijke Philips N.V. is a Dutch multinational company with its principal place of business in Amsterdam, Netherlands, and therefore is diverse from Plaintiff.

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 1

## I.    INTRODUCTION

1.    On February 22, 2022, Plaintiff Lionel Adams ("Plaintiff") filed a complaint in the State Court for the Circuit Court for the State of Oregon for the County of Multnomah, Case No. 22CV06230 (the "Complaint"), attached as **Exhibit A, Complaint**.

2.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon the Philips Defendants, including the Complaint, are attached.

3.    No other pleadings have been served on the Philips Defendants in this litigation.

4.    By filing a Notice of Removal, the Philips Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and the Philips Defendants specifically reserve their right to assert any defenses and objections to which they are entitled.

## II.    FACTUAL BACKGROUND

5.    Plaintiff alleges the Philips Defendants manufacture and sell Continuous Positive Airway Pressure ("CPAP") and Bilevel Positive Airway Pressure ("BiPAP") medical devices containing polyester-based polyurethane ("PE-PUR") foam.  Ex. A, ¶¶ 1-2.

6.     Plaintiff alleges the PE-PUR foam may degrade and off-gas certain chemicals under certain circumstances, which may pose health risks to users including headache, irritation, cough, chest pressure, sinus infection, carcinogenic effects, and adverse effects to other organs.  *Id.* ¶¶ 2, 5-6.

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 2

7.     Plaintiff alleges he began using a DreamStation CPAP device allegedly manufactured by the Philips Defendants (the "Device") on or about May 6, 2019, after he was diagnosed with sleep apnea. *Id*. ¶¶ 8-9.

8.     Plaintiff alleges he was hospitalized on or about December 26, 2019, and "was later diagnosed with renal failure (end stage renal disease) which he attributes to the Philips CPAP device." *Id*. ¶¶ 10-11.

9.     Plaintiff alleges he has since "developed additional medical problems including prostate cancer and COPD which he also attributes to the Philips CPAP device." *Id*. ¶ 12.

10.     Plaintiff alleges breach of express and implied warranties, *id*. ¶¶ 13-24, fraudulent misrepresentation, *id*. ¶¶ 25-30, and negligent misrepresentation, *id*. ¶¶ 31-36.

11.     Plaintiff also alleges both "economic damages in the form of past medical treatment alleged at $1,000,000" and "future medical treatment alleged at not more than $2,000,000," *id*. ¶ 37, as well as personal injury, "non-economic damages in the form of pain, suffering permanent organ damage, cancer, shortened life expectancy and loss of enjoyment of life alleged at $3,000,000," *id*. ¶ 38.  Plaintiff further "reserves the right to amend to add a request for punitive damages based on Defendants' knowing, malicious or reckless conduct." *Id*. ¶ 39.

12.     Plaintiff seeks actual damages, costs, and attorney's fees, as well as "reasonable costs and prevailing party fees." *Id*. ¶¶ 7, 36.

13.     Plaintiff also identifies Kaiser Foundation Hospitals, Northwest Permanente PC ("Kaiser"), the medical providers that allegedly ordered the Device for Plaintiff, in the body of the Complaint. *Id*. ¶¶ 1, 9.

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 3

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

14.    However, Plaintiff fails to include Kaiser in the caption of the Complaint. Therefore, Kaiser is not a defendant to this action.  *See* Or. R. Civ. P. 16(A) ("In the complaint the title of the action must include the names of all the parties."); Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *Baltzell v. EOCI and Officials*, No. 2:18-cv-01529-MO, 2018 WL 5891745, at *1 (D. Or. Nov. 8, 2018) ("Although [Plaintiff] purports to bring suit against other individuals and entities named in the body of his Complaint, the Defendants are limited to those parties named in the caption of the Complaint.") (citing Fed. R. Civ. P. 10 (a)); *Dalisay v. Corbin Consulting Eng's, Inc.,* No. 07-1616-HA, 2008 WL 1840750, at *1 n.2 (D. Or. Apr. 22, 2008) ("The summonses to each corporate defendant list not only the corporate defendant, but several individuals as well.  Those individuals are not named in the caption of the complaint, and are thus not parties to this suit."), *affd,* 303 F App'x 423 (9th Cir 2008) (unpublished).

15.    Even if Plaintiff's failure to include Kaiser in the caption of the Complaint was insufficient to establish that Kaiser is not a party defendant, the allegations in the body of the Complaint make clear that Kaiser is not a defendant.  Indeed, the Complaint nowhere asserts any actual claims against Kaiser.  Nor do the allegations in the Complaint provide any basis for Plaintiff to assert any claims against Kaiser.[2]

16.    Accordingly, Kaiser's citizenship has no bearing on removal because Kaiser is not a party.

---

[2] Plaintiff expressly limits each claim for relief to the "Philips Defendants," confirming that Plaintiff has asserted no claims against Kaiser and that Kaiser is not a party defendant.  *See* Ex., A ¶¶13-24 (express and implied warranties); ¶¶ 25-30 (fraudulent misrepresentation); ¶¶ 31-36 (negligent misrepresentation).

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 4

### III.    NOTICE OF REMOVAL IS TIMELY

17.    Philips North America was served by personal service on March 2, 2022 and by regular mail on March 9, 2022. **Exhibit B, Notice of Service of Process and Civil Summons for Philips North America LLC**.

18.    Philips RS was served by regular mail on March 9, 2022. **Exhibit C, Notice of Service of Process and Civil Summons for Philips RS North America LLC**.

19.    Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

20.    This notice is timely because it is being filed within thirty days of service on the earliest-served Philips Defendant.

21.    Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to pursuant to 28 U.S.C. § 1446(c)(1).

22.    It is not clear whether Kaiser has been served. As discussed above, Kaiser is not named in the caption and thus is not a party defendant. And, even if Kaiser were considered a party defendant, as explained below, it was fraudulently joined. Therefore, service on Kaiser is irrelevant.

### IV.    GROUNDS FOR REMOVAL

23.    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 5

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

24.     This court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000 on the face of the Complaint.

    a.     <u>There is complete diversity among the parties.</u>

25.     Diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Accordingly, diversity jurisdiction requires complete diversity—that is, where no defendant holds citizenship in the same state where any plaintiff holds citizenship.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

26.     As discussed above, Kaiser is not a party defendant because it is not identified in the caption of the Complaint and Plaintiff asserts no claims against it in the Complaint.

27.     Alternatively, if Kaiser is considered a party defendant, it is fraudulently joined for the reasons discussed below.  Its citizenship, thus, is disregarded when determining diversity jurisdiction.  *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001*)* ("joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity"); *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002).

28.     The general rule is that diversity is determined at the time of removal, not at the time the injuries were suffered.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[F]ederal removal jurisdiction on the basis of diversity . . . is determined (and must exist) as of the time that the complaint is filed and removal is effected"); *Nw. Pub. Commc'ns Council ex rel. Oregon v. Qwest Corp.*, 877 F. Supp. 2d 1004, 1011 (D. Or. 2012).

i.  Plaintiff is an Oregon citizen.

29.    An individual is a citizen of the state in which he or she is domiciled.  *Henley v. U.S. Bancorp*, No. 3:19-cv-00985-AC, 2020 WL 1038086, at *8 (D. Or. Jan. 21, 2020) ("[A] natural person . . . is a citizen of the state in which he is domiciled") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).

30.    An individual's domicile may be established by circumstantial evidence.  *See Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) ("The intention to remain may be established by factors such as: current residence; ***voting registration and practices***; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." (emphasis added)).

31.    An individual's "residence is prima facie evidence of domicile."  *Harrell v. Kepreos*, No. Civ. 04-3082-CO, 2005 WL 730639, at *2 (D. Or. Mar. 30, 2005) (citation omitted)); *see also Henley*, 2020 WL 1038086, at *8.

32.    Plaintiff does not allege his citizenship in his Complaint.  However, based on publicly available government records, Plaintiff resides in Portland, Oregon.  **Exhibit D, Lionel Adams Voter Registration Record.**

33.    Plaintiff's Oregon residence is prima facie evidence of his Oregon domicile and citizenship.

34.    Therefore, Plaintiff is a citizen of Oregon.

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 7

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

ii.   Defendant Philips RS is a citizen of Massachusetts and Delaware.

35.    Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania. **Exhibit E, Philips RS North America LLC Corporate Records & Business Registrations**.

36.    As a limited liability company, however, Philips RS is a citizen of the states where its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens").

37.    Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141. **Exhibit F, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

38.    For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

39.    Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS also is a citizen of both Delaware and Massachusetts. Therefore, Philips RS is diverse from Plaintiff.

iii.   Defendant Philips North America is a citizen of Delaware and Massachusetts.

40.    Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts. **Exhibit G, Philips North America LLC Corporate Records & Business Registrations**.  Philips North America is wholly owned by a single member, Philips Holding USA, Inc., a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141. **Exhibit H, Philips Holding USA Inc. Corporate Records & Business Registrations**.

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 8

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

41.     Accordingly, because Philips Holding USA, Inc. is a citizen of both Delaware and Massachusetts, Philips North America also is a citizen of both Delaware and Massachusetts. *See Johnson*, 437 F.3d at 899 (explaining that an LLC is citizen of the state where its members are citizens); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business). Therefore, Philips North America is diverse from Plaintiff.

### iv.  Even if considered a party, Kaiser is fraudulently joined and has no bearing on diversity of citizenship.

42.     Plaintiff does not identify Kaiser's citizenship.    Regardless, even if considered a party defendant to this action (and it is not), its citizenship should be disregarded when determining diversity jurisdiction as a consequence of Kaiser's fraudulent joinder. *See Morris,* 236 F.3d at 1067 ("joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity").

### 1.  Fraudulent joinder standard.

43.     Fraudulent joinder occurs when a plaintiff is unable to state a cause of action against the non-diverse party. *Morris*, 236 F.3d at 1067 (explaining "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' Further, the defendant 'is entitled to present the facts showing the joinder to be fraudulent.'" (citations omitted)).  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (upholding district court finding that plaintiff failed to state any cause of action against two-forum residents mentioned in the complaint and, thus, their presence was fraudulent and did not destroy diversity).

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 9

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

2. <u>Plaintiff does not and cannot state a cause of action against Kaiser and thus it would be fraudulently joined.</u>

44.    Plaintiff makes only two allegations as to Kaiser in the Complaint, neither of which provides any basis for liability.  Plaintiff alleges solely that Kaiser—an alleged "medical provider"—"ordered Plaintiff a Philips DreamStation CPAP device" and "continued to recommend he use the device." Ex. A ¶¶ 1, 9.  No other facts are alleged relating to Kaiser much less plausibly giving rise to Kaiser's liability.

45.    Furthermore, in each of his claims for relief, Plaintiff specifically names the "Philips Defendants" as the target of that claim for relief but asserts no claims of relief against Kaiser.  *See id*. ¶¶13-24 (express and implied warranties); *id*. ¶¶ 25-30 (fraudulent misrepresentation); *id*. ¶¶ 31-36 (negligent misrepresentation).

46.    General allegations not specifically directed at the defendant are not, themselves, sufficient to state a basis for recovery under state law when the allegations are otherwise insufficient.  *See Sandoval v. Bausch & Lomb., Inc.*, 2:08-cv-07373-FMC-CWx, 2008 WL 11340256, at *3 (C.D. Cal. Dec. 30, 2008) (denying remand and finding fraudulent joinder where plaintiff's "claims are brought generally and against all [d]efendants," rather than "directed specifically at" in-state defendant, and in-state defendant was not ultimately pled to be involved in development, distribution, sales, or marketing of the defective product); *Burns v. Medtronic, Inc.*, No. 2:13-cv-06093-SVW-Ex., 2013 WL 5596122, at *1 (C.D. Ca. Oct. 8, 2013) (denying remand and finding fraudulent joinder where, "[b]esides the general use of the term 'Defendants' to encompass [the in-state defendant], only three factual allegations specifically pertain to [the in-state defendant] in [p]laintiffs' complaint,"

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 10

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

and those factual allegations failed to draw sufficient connections between in-state defendant's actions and the alleged injuries).

47.    Moreover, the Oregon Court of Appeals has made clear that in product liability actions such as this, a plaintiff must demonstrate that the alleged defendant was in the business of selling the allegedly defective device. *Docken v. Ciba-Geigy*, 739 P.2d 591, 594 (1987) (affirming dismissal of defendants, including "Kaiser Foundation Hospitals, Inc. and Northwest Permanente, P.C.", because plaintiff failed to allege that defendants were in the business of selling the alleged defective drug and that they, in fact, sold the drug (citations omitted)); *see* ORS 30.920.

48.    Like in *Docken*, where the plaintiff could not state a claim for relief because it did not plead the necessary allegations to state a claim for products liability *against the very same entity (Kaiser) here*, Plaintiff here does not allege that Kaiser is in the business of selling devices like the Device Plaintiff alleges caused his injury, nor does Plaintiff specifically allege that Kaiser sold the Device to Plaintiff.   Kaiser allegedly merely "ordered" it for him.

49.    For these reasons, Plaintiff has pled no basis for recovery against Kaiser under state law.

50.    Accordingly, even if Kaiser is deemed to be a party defendant, its citizenship is of no consequence because it is fraudulently joined.

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 11

v. <u>There is complete diversity between the parties.</u>

51.     Thus, based on the foregoing, there is complete diversity between the parties:

| Plaintiff | Defendants |
|---|---|
| Lionel Adams (OR) | Philips North America (DE/MA)<br>Philips RS (DE/MA) |

b. <u>The amount in controversy requirement is satisfied.</u>

52.     There plainly is more than $75,000 in controversy.  *See* 28 U.S.C. § 1332(a).

53.     To determine whether the amount-in-controversy requirement has been satisfied, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)); *see also Klahn v. Clackamas County Bank*, No. 3:13-cv-00621-ST, 2013 WL 6530803, at *3 (D. Or. Dec. 12, 2013).

54.     Plaintiff expressly demands at least $6,000,000 of damages in his Complaint.  Ex. A at 1; *see also* ¶¶ 37-38.

55.     Therefore, based on the face of the Complaint, Plaintiff expressly seeks recovery far in excess of $75,000.  Accordingly, the amount in controversy requirement is easily satisfied.

V.     <u>VENUE</u>

56.     This lawsuit may be removed to the United States District Court for the District of Oregon pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

57.     The United States District Court for the District of Oregon, Portland Division, is the federal judicial district encompassing the Circuit Court for the State of Oregon for the

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 12

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

County of Multnomah, where this suit was originally filed. 28 U.S. Code § 117; L.R. Civ. P.

3-2(a)(1).

  58.  On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation

issued a Transfer Order, consolidating related class action cases and individual personal injury

cases like this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to

the Western District of Pennsylvania, before the Honorable Joy Flowers Conti (the "MDL")

for coordinated or consolidated pretrial proceedings. **Exhibit I, Transfer Order**.

  59.  It is anticipated that this case will be transferred to the MDL following removal.

VI. <u>CONSENT</u>

  60.  Each Philips Defendant that has been properly joined and served consents to

removal as required by 28 U.S.C. § 1446(b)(2).[3]

VII. <u>PROCEDURE</u>

  61.  Written notice of the filing of the Notice of Removal will be promptly served

on all other parties to this action and a copy will promptly be filed with the Circuit Court for

the State of Oregon for the County of Multnomah as required by 28 U.S.C. § 1446(d).

  62.  Included with this Notice of Removal is the filing fee of $350 required by 28

U.S.C. § 1914.

---

[3] Because Kaiser is not a party defendant and otherwise would be fraudulently joined if it was named as a party, its consent to removal is not required. *See United Computer Sys., Inc*., 298 F.3d at 762 (citation omitted); *Riggs v. Plaid Pantries, Inc*., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties.") (internal quotation marks and citation omitted).

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 13

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

VIII.    <u>CONCLUSION</u>

Defendants respectfully remove this action from the Circuit Court for the State of Oregon for the County of Multnomah to the United States District Court of Oregon, Portland Division.

DATED this 29th day of March, 2022 in Seattle, Washington.

HOLT WOODS & SCISCIANI LLP

*s/ Anthony R. Scisciani III*
Anthony R. Scisciani III, OSB No. 070013
101 SW Main Street, Suite 1600
Portland, OR 97204
Telephone: 503.542.1200
Fax: 503.542.5248
ascisciani@hwslawgroup.com
Attorney for Defendants

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 14

<u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury under the laws of the State of Oregon, that the following is true and correct:

I am employed by the law firm of Holt Woods & Scisciani LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /Plaintiff**<br>William J. Macke<br>Macke Law Offices, LLC<br>2455 NW Marshall Street, #6<br>Portland, OR 97210 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Messenger Service**<br>☒ **Via Court E-Service**<br><br>William.j.macke@gmail.com |

DATED this 29th day of March, 2022 in Seattle, Washington.

*s/ Jessica Heath*
Jessica Heath, Legal Assistant

DEFENDANTS PHILIPS NORTH AMERICA, LLC
AND PHILIPS RS NORTH AMERICA, LLC'S
NOTICE OF REMOVAL - Page 15